UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARKIECE PALMER,<br><br>　　　　　Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>　　　　　Respondents. | Case No. 3:18-cv-00245-HDM-CLB<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Markiece Palmer. On November 6, 2019, respondents filed a motion to dismiss Palmer's amended habeas petition (ECF No. 19) arguing, in part, that the petition includes several claims that are unexhausted. ECF No. 30. In response, Palmer filed both an opposition to the motion to dismiss (ECF No. 45) and a motion requesting an exhaustion stay (ECF No. 47). Respondents do not oppose Palmer's motion for a stay and ask that, if a stay is granted, the court deny their motion to dismiss without prejudice and allow them to file renewed motion to dismiss once the stay is lifted. ECF No. 48.

With his motion for a stay, Palmer explains that he is "currently litigating a state post-conviction petition raising the same claim he raises as Ground Fourteen in his amended petition, specifically a claim under *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018)." ECF No. 47 at 2. Accordingly, he asks the court to stay proceedings in this case and hold them in abeyance until that state proceeding has concluded. The

1

Supreme Court has condoned the "stay and abeyance" procedure, under limited circumstances, when a pending habeas petition contains unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

*Rhines* allows habeas petitioners to preserve unexhausted claims for review notwithstanding the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* at 275. A stay is appropriate only when the court determines (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless," and (3) there is no indication the petitioner "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. With respect to the good cause for failure to exhaust requirement, the court must consider whether petitioner has "set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Palmer contends that he has good cause for his failure to exhaust his *McCoy* claim earlier because *McCoy* is a new decision creating a new constitutional right that did not exist until 2018. This court has recognized the merit of this good cause argument in at least one other case and, given respondents' non-opposition, sees no reason to conclude differently in this case. *See Pritchett v. Gentry*, Case No. 2:17-cv-01694-JAD-CWH, 2019 WL 2503944, at *2 (D. Nev. June 17, 2019).

Palmer also meets the remaining *Rhines* factors. The extent of *McCoy*'s applicability and the question of its retroactivity are matters currently being litigated in other cases and other courts, so this court cannot say at this time that Palmer's *McCoy* claim lacks potential merit. *See Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (petitioner must only show that one of his unexhausted claims is not "plainly meritless" in order to obtain a *Rhines* stay). With respect to evidence of dilatory litigation tactics, Palmer filed his amended federal petition within one year of the decision in *McCoy*, and he filed a state court petition raising his *McCoy* claim in May 2019. In addition, Palmer is

not subject to the death penalty, so he has no apparent motive to delay his habeas proceedings.

Based on the foregoing, the court will grant Palmer's request for a stay.

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance (ECF No. 47) is GRANTED. This action is STAYED pending the conclusion of petitioner's pending state court proceedings.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings. Petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT IS FURTHER ORDERED that respondents' motion to dismiss (ECF No. 30) is DENIED as moot and without prejudice to renewing the motion once the stay is lifted.

IT IS FURTHER ORDERED that the Clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

DATED this 2nd day of April, 2020.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE