**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARKIECE PALMER,<br><br>        Petitioner,<br><br>    v.<br><br>TIM GARRETT,[1] et al.,<br><br>        Respondents. | Case No. 3:18-cv-00245-HDM-CLB<br><br>**ORDER** |

**I.    Summary**

This is a habeas matter under 28 U.S.C. § 2254. Before the Court is respondents' motion to dismiss the second amended petition ("petition") as mixed claiming Grounds 5(B)-5(F) and 6-10 were not fairly presented to the state courts, or alternatively to dismiss those grounds as procedurally defaulted. (ECF No. 61.) The motion is granted in part and denied in part.

**II.   Procedural Background**

A jury convicted Palmer of one count of murder and two counts of child abuse, neglect, or endangerment with substantial bodily harm, for the death of seven-year-old R.J. (ECF No. 20-5.) Palmer was sentenced to life without the possibility of parole. (ECF No. 20-7.) Palmer timely appealed and the Nevada Supreme Court affirmed the convictions. (ECF Nos. 24-1; 24-4.)

---

[1] According to the state corrections department's inmate locator page, Palmer is incarcerated at Lovelock Correctional Center. The department's website reflects that Tim Garrett is the warden for that facility. https://doc.nv.gov/Facilities/LCC_Facility/. The Court will therefore direct the clerk to substitute Tim Garrett for respondent William Gittere, under, *inter alia*, Rule 25(d) of the Federal Rules of Civil Procedure.

1

Palmer thereafter filed two *pro se* motions alleging, among other things, that trial counsel failed to suppress Palmer's statement to police as a violation of *Miranda*.[2] (ECF Nos. 21-4; 21-5.) The state district court construed the motions as a postconviction petition for writ of habeas corpus and denied all claims. (ECF No. 38-19.) Palmer appealed and the Nevada Supreme Court affirmed the state district court's denial of relief for the claims that Palmer had raised in the state district court but declined to consider five additional claims Palmer raised for the first time on appeal. (ECF No. 24-6.)

Palmer filed a *pro se* federal habeas corpus petition and an amended petition. (ECF Nos. 7; 19.) Respondents moved to dismiss the amended petition and Palmer moved to stay this action while he exhausted in the state courts a claim that he newly alleged in the amended petition. (ECF Nos. 30; 45; 47.) The Court granted a stay, granted leave to refile, and denied Respondents' motion to dismiss without prejudice. (ECF No. 49.)

The state district court dismissed Palmer's second state postconviction petition for writ of habeas corpus as untimely and successive. (ECF No. 46-5.) Palmer appealed and the Nevada Supreme Court affirmed finding the second postconviction petition was procedurally barred as untimely and successive, and constituted an abuse of the writ to the extent that Palmer failed to demonstrate cause and prejudice to overcome the default of his claims. (ECF No. 52-2.)

///

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

The Court granted Palmer's request to reopen his federal case and Palmer filed a second amended petition. (ECF Nos. 54; 58.)

**III. Legal Standards**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must exhaust state court remedies on a claim before presenting that claim to a federal court. The exhaustion requirement ensures the state courts, as a matter of federal-state comity, have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848–49 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. A federal court need not dismiss an exhausted claim if it is clear that the state court would find the claim procedurally barred. *Coleman*, 501 U.S. at 731 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."); *see also Castille v. Peoples*, 489 U.S. 346, 351–52 (1989); *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

///

Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas corpus review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Maples v. Thomas*, 565 U.S. 266, 280, 289 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice); *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (holding that for cause to exist, the external impediment must have prevented the petitioner from raising the claim). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors . . . at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 35-36 (2006). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel when the cause for the

4

default is the ineffective assistance or absence of postconviction counsel in the initial postconviction proceedings in accordance with *Martinez v. Ryan*, 566 U.S. 1 (2012). *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014). A Nevada federal habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

According to the Supreme Court, the necessary circumstances for establishing "cause" to excuse a procedural default of an ineffective assistance of trial counsel claim are:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 18–19). To show a claim is "substantial," a petitioner must demonstrate it has "some merit." *Martinez*, 566 U.S. at 14. A claim is "insubstantial" if "it does not have any merit or ... is wholly without factual support." *Id.* at 16.

**IV. Discussion**

    **A.  Grounds 5(B)–5(F)**

Grounds 5(B)–5(F) allege ineffective assistance of trial counsel. (ECF No. 58 at 27–36.) Respondents contend these grounds were not fairly presented to the state courts and are procedurally

defaulted. (ECF No. 61 at 7-9.) Palmer concedes those grounds were not fairly presented to the state courts but requests the Court find the claims technically exhausted and therefore procedurally defaulted because a state court petition raising the claims at this juncture would be dismissed as procedurally barred. (ECF No. 63 at 2-4.) Palmer further requests the Court determine the ineffective assistance of counsel claims alleged in Grounds 5(B)-5(F) are substantial, or alternatively, defer ruling whether Palmer can overcome procedural default under *Martinez* until consideration of the merits of the petition. (*Id.* at 4-13.) Respondents concede Palmer may rely on *Martinez* to overcome the procedural default and requests the Court defer the analysis whether Palmer can overcome the default until review of the merits of the petition. (ECF No. 67 at 3.)

In light of the rulings of the state courts in Palmer's second state habeas action, it is clear that Palmer would face multiple procedural bars if he were to return to state court with his unexhausted claims in Grounds 5(B)-5(F). *See, e.g.*, NRS §§ 34.726; 34.810. As discussed, the Court may consider those unexhausted claims technically exhausted, but subject to procedural default. *See Dickens*, 740 F.3d at 1317; *see also* supra, pp. 3-5.

Because Palmer advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of trial counsel claims in Grounds 5(B)-5(F), the Court reads Palmer's opposition as a concession that the only basis for cause as to any of those claims is *Martinez*. (ECF No. 63 at 4-13.) On that basis, the Court grants the request to consider Grounds 5(B)-5(F) technically exhausted but procedurally defaulted.

Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of applying the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019). And it appears Palmer was unrepresented for his initial review collateral review proceeding. (ECF Nos. 21-4; 21-5; 22-1.) Thus, it appears Palmer can meet three of the four *Martinez* requirements for cause to overcome his procedural default. However, the Court determines that the remaining issues concerning the procedural defaults of Grounds 5(B) –5(F) are intertwined with the merits of those claims, such that they will be better addressed in conjunction with the merits of Palmer's petition, after Respondents file an answer and Palmer files a reply.

The Court will deny the motion to dismiss as to Grounds 5(B)-5(F) without prejudice to Respondents asserting the procedural default defense to the claims in their answer.

**B.    Ground 6**

Respondents contend the allegations of ineffective assistance of appellate counsel in Ground 6 were not fairly presented to the state courts and are procedurally defaulted. (ECF No. 61 at 7-9.) Palmer admits Ground 6 is procedurally defaulted and he cannot overcome the default. (ECF No. 63 at 13-14.) Respondents note that Palmer does not identify an alternative basis to overcome the default. (ECF No. 67 at 3.)

Palmer does not make any showing of cause and prejudice relative to the procedural default of this claim, or any other showing that excuses the procedural default. And, the Supreme Court

has emphasized that *Martinez*'s equitable exception is limited to claims of ineffective assistance of trial counsel and expressly declined to expand the narrow exception to claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065-66 (2017).

The Court will thus grant the motion to dismiss Ground 6 as it is procedurally defaulted.

### C. Ground 7

Ground 7 alleges a substantive claim that Palmer's statements were obtained in violation of *Miranda*. (ECF No. 58 at 39.) Respondents contend Ground 7 was not fairly presented to the state courts and is procedurally defaulted. (ECF No. 61 at 7-9.) Palmer concedes Ground 7 was not fairly presented to the state courts but contends his fully exhausted claim in Ground 5(A) (that trial counsel was ineffective in failing to move to suppress Palmer's statement as obtained in violation of *Miranda*, which the state courts rejected in Palmer's initial postconviction relief proceedings) can provide cause to excuse the default of Ground 7. (ECF Nos. 58 at 39; 63 at 14-16; *see also* ECF No. 24-6 at 4-5.)

In certain circumstances, counsel's ineffectiveness in failing to properly preserve a habeas claim for review in state court will suffice as cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000) (citing *Carrier*, 477 U.S. at 488-89). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id.*

For Palmer to establish cause to overcome the procedural default of Ground 7, he must first demonstrate that trial counsel's

performance in failing to move to suppress Palmer's statements as a violation of *Miranda* (as alleged in Ground 5(A)) was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). If he does so, then counsel's ineffectiveness, as alleged in Ground 5(A), may be used as cause to set aside the procedural default for corresponding claims in Ground 7.

Respondents concede Ground 5(A) is properly exhausted and Palmer may rely upon trial counsel's ineffective assistance as alleged in Ground 5(A) as cause to overcome the procedural default of Ground 7. (ECF No. 67 at 4.) Respondents request the Court defer consideration of Ground 7 until review of the merits of Ground 5(A) because the question of prejudice is directly intertwined with the merits of Grounds 5(A) and 7. (*Id.*)

The Court agrees that the question whether Palmer can overcome the procedural default of Ground 7 is intertwined with the merits of Ground 5(A), such that Ground 7 is better addressed in conjunction with the merits of Palmer's petition, after Respondents file an answer and Palmer files a reply.

Thus, the Court will deny the motion to dismiss as to ground 7 without prejudice to Respondents asserting the procedural default defense to the claim in the answer.

**D.   Grounds 8 and 9**

Ground 8 alleges jury instructions 12 and 13 violated federal due process and Ground 5(C) is a procedurally defaulted claim that trial counsel was ineffective in failing to challenge those jury instructions. (ECF No. 58 at 28-32, 39-40.) Likewise, Ground 9 alleges the felony murder theory contained in the charging instrument and jury instruction 3 violated federal due process and

Ground 5(D) is a procedurally defaulted claim that trial counsel was ineffective in failing to challenge the felony murder theory contained in the information and jury instruction No. 3. (*Id.* at 32-33, 40.)

Respondents contend Grounds 8 and 9 were not fairly presented to the state courts and are procedurally defaulted. (ECF No. 61 at 7-9.) Palmer concedes Grounds 8 and 9 were not fairly presented to the state courts and are procedurally defaulted. (ECF No. 58 at 39-40.) Palmer, however, asserts he can establish cause to overcome the procedural default for Grounds 8 and 9 if he overcomes the procedural default for his corresponding ineffective-assistance-of-counsel claims in Grounds 5(C) and 5(D). (ECF No. 63 at 16-19.)

As noted above, ineffective assistance of counsel can, if independently pleaded and proved, establish cause for a default of a habeas claim. *Carpenter*, 529 U.S. at 451, 453. Where the corresponding ineffective assistance of counsel claim is also defaulted, a petitioner must demonstrate cause and prejudice to overcome the procedural default of that claim as well. *Id.* Therefore, should Palmer overcome the procedural default of his ineffective assistance of counsel claims in Ground 5(C)), and also as instructed in *Carpenter*, demonstrate trial counsel's performance was constitutionally ineffective under *Strickland* as alleged in Ground 5(C), then counsel's ineffective assistance may provide cause to aside the procedural default for a corresponding substantive claim in Ground 8. Likewise for Grounds 5(D) and 9.

Respondents counter that Palmer's approach disregards the rationale of *Martinez* and *Davila*, which proscribe a narrow exception to the procedural default doctrine applicable to only a

single claim of ineffective assistance of trial counsel. (ECF No. 67 at 4-5.) (quoting Davila, 137 S. Ct. at 2062, 2066.) Respondents' argument lacks merit. Respondents are correct that *Martinez* excuses the procedural default of a single claim of ineffective assistance of counsel and does not overcome the procedural default of the corresponding substantive claim. However, assuming the procedural default of the ineffective assistance of counsel claim is overcome under *Martinez*, and the petitioner also proves counsel was constitutionally ineffective as alleged in that ineffective assistance of counsel claim, then according to *Carpenter*, counsel's constitutionally ineffective assistance may supply cause to overcome the procedural default of a corresponding substantive habeas claim. *Carpenter*, 529 U.S. at 452-53. Respondent's reliance on *Davila* is also misplaced. *Davila* held that *Martinez* did not extend to procedurally defaulted claims of ineffective assistance of appellate counsel; it did not purport to overturn or limit *Carpenter.*

The Court agrees with the parties that the issues surrounding the procedural default of Grounds 8 and 9 are intertwined with the procedural default and merits of the claims in Grounds 5(C) and 5(D), such that Grounds 8 and 9 are better addressed in conjunction with the merits of Palmer's petition, after Respondents file an answer and Palmer files a reply. Therefore, the Court will deny the motion to dismiss as to Grounds 8 and 9 without prejudice to Respondents asserting the procedural default defense to the claim in either answer.

///

///

### E. Ground 10

Ground 10 alleges trial counsel violated Palmer's "autonomy right to control his defense" under the Fifth, Sixth, and Fourteenth Amendments by conceding Palmer's guilt for child abuse without Palmer's knowing and voluntary consent, in violation of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). (ECF No. 58 at 40–42.)

Respondents claim Ground 10 was not fairly presented to the state courts, is unexhausted, and is procedurally defaulted. (ECF Nos. 61 at 7–9, nn.4 & 6; 65 at 7–8.) Palmer contends Ground 10 was fairly presented as it was actually exhausted in his second postconviction relief proceedings[3] and the procedural default defense is unavailable to the State because the Nevada Supreme Court's rejection on state procedural grounds was not independent of, but was instead interwoven with, federal law. (ECF No. 63 at 22–25.) Respondents reply that the Nevada Supreme Court expressly relied on independent and adequate state procedural rules NRS § 34.726(1) (untimely) and NRS § 34.810 (successive) to bar relief for the claim and only discussed the merits of the claim in determining whether there was cause to overcome the procedural bars. (ECF No. 67 at 7–8.)

"In a habeas corpus proceeding, a federal court generally 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support he judgment.'" *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995)

---

[3] Palmer acknowledges the second amended petition states that he did not fairly present this claim to the state courts, however, he contends that is a scrivener's error, as the claim was raised in his second state postconviction petition. (ECF No. 63 at 22 n.3.)

12

(quoting *Coleman*, 501 U.S. at 727-31). A state procedural bar is "independent" if the state court "explicitly invokes a state procedural bar rule as separate basis for its decision." *Id.*

A state court's decision is not independent, however, if the application of the state's default rule depends on the consideration of federal law. *Coleman*, 501 U.S. at 735 (federal courts on habeas corpus review of state prisoner claims will presume there is no independent state ground for a state court decision where it fairly appears to rest primarily on federal law, or to be interwoven with federal law); *Park v. California*, 202 F.3d 1146, 1152-53 (9th Cir. 2000). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park*, 202 F.3d at 1152 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Under established Ninth Circuit law, a state court's application of a state procedural bar does not become interwoven with and dependent upon an antecedent federal constitutional ruling where the state court discusses the merits solely to determine whether the petitioner can establish cause and prejudice to overcome the procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1269 (9th Cir. 1996).

Here, Palmer returned to state court during a stay of this action to file a (second) postconviction petition claiming trial counsel's concession of guilt without Palmer's informed consent violated Palmer's "rights to secured autonomy" under the Fifth, Sixth, and Fourteenth Amendments as discussed in *McCoy*. (ECF No. 46-1 at 12-14.) The state district court denied relief finding the

13

second petition procedurally barred. (ECF No. 46-5 at 5-7.) Palmer appealed and the Nevada Supreme Court affirmed ruling:

> [A]ppellant filed his petition on May 10, 2019, more than one year after this court issued its remittitur on direct appeal on February 20, 2018. *See Palmer v. State,* Docket No. 67565 (Order of Affirmance, January 25, 2018). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *see also Palmer v. State,* Docket No. 70970 (Order of Affirmance, March 15, 2018). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State,* 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.
>
> Appellant argues that *McCoy v. Louisiana,* 138 S. Ct. 1500 (2018), provides good cause because his trial counsel conceded his guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* held that an attorney may not concede a defendant's guilt of a charged crime over a defendant's express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession strategy. *Id.* (quoting *Florida v. Nixon,* 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.* Here, trial counsel conceded appellant's guilt to two of the three charges (child abuse) during closing arguments but disputed that appellant had committed first-degree murder because the injury leading to the victim's death was allegedly accidental. During an earlier discussion on the record and outside the jury's presence, trial counsel indicated that the defense might make concessions as to the child abuse charges depending upon how appellant's wife testified, that the strategy had been discussed for over a year with appellant, but that there would be no concession to the murder charge. The court then addressed appellant, explaining the State's

> burden of proof, and asked appellant whether he had discussed "decisions and strategies" with counsel. Appellant affirmatively indicated that he had done so. He did not object to the concession strategy. Because appellant never opposed the concession strategy, *McCoy* is distinguishable and does not provide good cause. We therefore need not decide whether *McCoy* applies retroactively.
>
> To the extent that appellant argues that trial counsel did not adequately advise him of the ramifications of the concession strategy, *McCoy* likewise does not provide good cause. *McCoy* addressed "a client's autonomy, not counsel's competence," 138 S. Ct. at 1510, and any claims challenging trial counsel's advice could have been raised in appellant's first, timely petition based on *Nixon*.
>
>> [FN 1] Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy,* 138 S. Ct. at 1509.
>
> Therefore, we conclude that the district court did not err in determining that *McCoy* did not provide good cause in this case and that the district court correctly applied the mandatory procedural bars.
>
>> [FN 2] We reject the State's argument that a claim based on *McCoy* can only be raised on direct appeal. A *McCoy* claim can be raised in a postconviction habeas petition, albeit subject to the procedural bar in NRS 34.810(1)(b) because it could have been raised on appeal. *See* NRS 34.724(1) ("Any person convicted of a crime and under sentence of ... imprisonment who claims that the conviction Was obtained ... in violation of the Constitution of the United States or the Constitution or laws of this State ... may ... file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction . . . .").
>
> *See State v. Eighth Judicial Dist. Court (Riker),* 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).
>
> . . . .

(ECF No. 52-2 at 2–5.)

The Court finds the Nevada Supreme Court's application of the procedural bars of NRS § 34.726(1) and NRS § 34.810(2) were independent of federal law because that court first invoked the state procedural bars for its decision and subsequently discussed

15

the merits of Palmer's claim only to show that Palmer did not show cause and prejudice to overcome the procedural bars. The parties do not dispute that the state procedural bars are adequate to preclude federal review. Thus, the Court finds Ground 10 was procedurally defaulted in state court on independent and adequate state law grounds.

Where a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if it will result in a fundamental miscarriage of justice such as where a "constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Carrier*, 477 U.S. at 495-96. Palmer alleges none of these as a basis to overcome the default of Ground 10.

For the foregoing reasons, Ground 10 will be dismissed with prejudice as procedurally defaulted on independent and adequate state grounds.

**V.   Conclusion**

IT IS THEREFORE ORDERED that Respondents' motion to dismiss (ECF No. 61) is GRANTED IN PART AND DENIED IN PART. Grounds 6 and 10 of the second amended petition (ECF No. 58) are dismissed with prejudice as procedurally defaulted. The motion to dismiss is denied without prejudice in all other respects.

IT IS FURTHER ORDRERED that the Court defers consideration whether petitioner can demonstrate cause and prejudice to overcome the procedural defaults of Grounds 5(B)-5(F) and 7-9 until the time of merits review. Respondents may reassert the procedural default arguments for those claims in their answer.

It IS FURTHER ORDERED that Respondents' motions for enlargement of time to file a reply in support of the motion to dismiss second amended petition (ECF Nos. 64 and 65) are granted *nunc pro tunc* to May 31, 2022, and the reply in support of motion to dismiss the second amended petition (ECF No. 67) is deemed timely filed.

IT IS FURTHER IS ORDERED that Respondents will have 120 days from the date of this order to file an answer or otherwise respond to Palmer's remaining claims in the second amended petition. In all other respects, the schedule for further proceedings set forth in the scheduling order entered May 14, 2021 (ECF No. 54) will remain in effect.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to substitute Tim Garrett for Respondent William Gittere.

DATED: this 25th day of August, 2022.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE